IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ESTATE OF BRIAN EDWARD FISHER, deceased, by and through the ADMINISTRATRIX OF THE ESTATE JAMIE FISHER, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PITTSBURGH; PITTSBURGH BUREAU OF POLICE; ROBINSON TOWNSHIP; ROBINSON TOWNSHIP POLICE DEPARTMENT; POLICE OFFICER JORDAN PRICE; and POLICE OFFICER JOSEPH TOMKO, <br><br> Defendants. | 2:24-cv-1234 |

## ORDER

Before the Court is Magistrate Judge Dodge's Report and Recommendation (ECF 62) addressing Defendants' motions to dismiss (ECF 47, ECF 49) Ms. Fisher's amended complaint (ECF 43). Magistrate Judge Dodge recommended that the motions to dismiss be granted in part: specifically, that the excessive-force claim against Officer Tomko at Count I be dismissed with prejudice, the Fourth and Fourteenth Amendment claims against the City of Pittsburgh and Robinson Township (together, the "Municipal Defendants") at Count I be dismissed with prejudice, and the *Monell* claim against Robinson Township at Count III be dismissed without prejudice and with leave to amend. She recommended that Defendants' motions be denied in all other respects.

Ms. Fisher filed objections to two parts of the R&R: (1) the recommendation to dismiss with prejudice the excessive-force claim against Officer Tomko at Count I and

(2) the recommendation to dismiss with prejudice the Fourth and Fourteenth Amendment claims against the Municipal Defendants at Count I.  ECF 65.

Pursuant to 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the R&R to which objections are made.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  *See United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' … Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (cleaned up)).  The Court may also recommit the matter to the magistrate judge with instructions.

After carefully considering the record—including the amended complaint, the R&R, Ms. Fisher's objections, and the City's response brief—the Court will overrule the objections and adopt the R&R.  The Court addresses Ms. Fisher's two objections below.

I.      **Excessive-force claim against Officer Tomko.**

The R&R recommends dismissing the excessive-force claim against Officer Tomko with prejudice, because the amended complaint does not allege that he used force against Mr. Fisher: "it was [Officer] Price who made the decision to shoot [Mr. Fisher] and then proceeded to do so." ECF 62, p. 7.  The Court agrees with dismissal with prejudice.

Ms. Fisher argues that Officer Tomko's conduct—planning with Officer Price on how to carry out the encounter and initiating an aggressive door knock without announcing himself as a police officer—makes him an active participant and a proximate cause of the use of deadly force.

This objection misses the mark and is at odds with the requirement that Section 1983 liability be premised on an officer's "direct and personal involvement" in the alleged constitutional violation.  *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280,

289 (3d Cir. 2018). The basis of the excessive-force claim is the unjustified use of deadly force against Mr. Fisher. But, as Judge Dodge correctly noted in the R&R, there is no allegation that Officer Tomko had actual knowledge that Officer Price would shoot Mr. Fisher, that Officer Tomko directed him to do so, or that Officer Tomko acquiesced to Officer Price's decision to use deadly force. ECF 62, p. 7. Officer Tomko wasn't involved in the decision to use deadly force. *See McKay v. Krimmel*, No. 22-1302, 2023 WL 4231714, at *2 (3d Cir. June 28, 2023) ("Police officers may not be held liable under section 1983 merely because they were members of a group of which some other members were guilty of abuses." (cleaned up)); *Hogan v. City of Easton*, No. 04-759, 2006 WL 2645158, at *15 (E.D. Pa. Sept. 12, 2006) (rejecting plaintiff's argument that officers who did not actually shoot him should be held liable for the actions of the other officers who did shoot him; the officers were not in charge of the raid and did not direct others to use force).

Further, the fact that the manner in which Officer Tomko executed the door knock may have led to heightened aggression and escalation or a confrontational situation does not establish liability. "Like a tort plaintiff, a § 1983 plaintiff must establish both causation in fact and proximate causation. A superseding cause breaks the chain of proximate causation." *Lamont v. New Jersey*, 637 F.3d 177, 185-86 (3d Cir. 2011) (cleaned up) (rejecting argument that the officers' unreasonable decision to enter the woods in pursuit of the suspect meant that any force employed once they were in the woods was necessarily unreasonable, and holding that the officers' decision to enter the woods did not proximately cause the suspect's death because the suspect's "noncompliant, threatening conduct in the woods was a superseding cause"); *see also Bodine v. Warwick*, 72 F.3d 393, 400 (3d Cir. 1995) (explaining that officers' illegal entry without knocking and announcing their presence does not render any

subsequent use of force unlawful because suspect's conduct, shooting at the officers, would constitute superseding cause).

Even if Officer Tomko's initiation of the encounter with Mr. Fisher was unreasonable, he can only be held liable for harm that is proximately caused by his own conduct.  But Mr. Fisher's alleged threatening movement as he was opening the door (holding a firearm), followed by Officer Price's decision to then shoot him, are superseding causes that break the chain of causation between Officer Tomko's aggressive knocking and Officer Price's shooting.  While Officer Tomko may have unreasonably executed the door knock, he did not have "control over the ensuing events[.]"  *Grant v. Winik*, 948 F. Supp. 2d 480, 512 (E.D. Pa. 2013).

The Court also observes that allowing the excessive-force claim to proceed against Officer Tomko when there are no allegations that he played a role in the use of deadly force against Mr. Fisher would somewhat be in tension with the failure-to-intervene claim against Officer Tomko.  This is because, "where an officer is alleged to have participated in the constitutional violation, a plaintiff may not simultaneously assert a failure-to-intervene claim against that same officer.  This preclusion arises out of the common-sense observation that an officer cannot intervene in his own constitutional violation."  *Est. of Testa v. Fallick*, No. 118-15257, 2023 WL 3614495, at *7 (D.N.J. May 24, 2023) (cleaned up); *see also Degroat v. Felsman*, No. 16-01186, 2019 WL 652345, at *4 (M.D. Pa. Feb. 15, 2019) ("Failure to intervene is a theory of liability that requires the plaintiff to show that a defendant *who did not directly participate in the alleged constitutional wrong* was aware it was happening or about to happen and had a realistic opportunity to prevent it, but instead stood by." (cleaned up)); *cf. Polanco v. City of New York*, No. 14-7986, 2018 WL 1804702, at *10 (S.D.N.Y. Mar. 28, 2018) (allowing both the excessive-force and failure-to-intervene claims to survive summary judgment because plaintiff alleged all four defendants used physical force against her and "there are genuine

issues of material fact as to the extent of each defendant's role in the use of excessive force against plaintiff").

Lastly, the Court agrees that dismissal with prejudice is appropriate, because amendment would be futile. Ms. Fisher's objections reinforce this: as set forth in the objections, at best, Ms. Fisher can only allege that the officers coordinated on the raid, with Officer Tomko knocking and Officer Price flanking him. But that isn't enough; and there is no suggestion from the objections that Ms. Fisher can plead actual direct involvement by Officer Tomko in the use of force. Given that Ms. Fisher already amended her complaint once and her objections do not set forth any basis that might cure the deficiencies in Count I, the Court will adopt Judge Dodge's recommendation to dismiss with prejudice.

## II. Fourth and Fourteenth Amendment claims against Municipal Defendants in Count I.

The R&R recommends that the Fourth and Fourteenth Amendment claims against the Municipal Defendants at Count I be dismissed with prejudice because they cannot be held vicariously liable for Officers Tomko's and Price's conduct. ECF 62, p. 13. The Court agrees.

Ms. Fisher objects to dismissal with prejudice on the basis that the same constitutional violations alleged in Count I form the predicate for the *Monell* claims in Counts II and III. She requests that the dismissal against the Municipal Defendants in Count I be entered without prejudice.

The Court overrules Ms. Fisher's objection. The Municipal Defendants can only be held liable under a *Monell* theory, which was brought at Counts II and III. And none of the allegations in Count I relate to policies, customs, or failure to train; the Count I allegations only involve the underlying constitutional violations by

Officers Price and Tomko. So dismissing the claims against the Municipal Defendants at Count I wouldn't prejudice Ms. Fisher.

Ms. Fisher requests leave to amend "to clarify and realign the allegations accordingly." ECF 65, p. 3. But the Court sees no reason to order further amendment at this juncture. Ms. Fisher's *Monell* claims remain intact. Questions about the contours of those claims are better suited to be sorted out as discovery occurs and at summary judgment or trial.

* * *

Accordingly, the Court adopts Magistrate Judge Dodge's Report and Recommendation (ECF 62), as modified with the additional explanation above. The Court **GRANTS** Defendants' motions to dismiss (ECF 47, ECF 49) in part and **DENIES** them in part.

DATED: June 6, 2025                    BY THE COURT:

                                       /s/ *J. Nicholas Ranjan*
                                       United States District Judge